UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, | Case No. 2:23-cv-00022-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| RAFAEL MIRANDA, *et al.*, | ECF No. 6 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) PROCEED ONLY WITH HIS CLAIMS AGAINST DEFENDANT MIRANDA; OR |
| | (2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants violated his Eighth Amendment rights by denying him adequate medical care. His allegations against defendant Miranda are cognizable, but his claims against the other defendants are too conclusory to proceed. Plaintiff must choose whether to proceed only with his claims against Miranda or to delay serving any defendant and file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 6.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that defendant Rafael Miranda, a physician assistant at High Desert State Prison ("HDSP"), violated his rights by changing, without medical justification, pain medication that had been prescribed to treat his nerve pain and by failing to prescribe him a course of

physical therapy.  ECF No. 1 at 3, 17.  These allegations are, for screening purposes, suitable to proceed.

Plaintiff also brings this action against several supervisory defendants including: (1) B. Kiebler, the Warden of HDSP; (2) K. Reuter, the Chief Medical Officer at HDSP; and (3) K. Allison, the Secretary of the California Department of Corrections and Rehabilitation.  *Id.* at 2.  After review, I find the allegations against these defendants insufficient to proceed insofar as they amount to little more than conclusory legal or factual assertions.  For instance, plaintiff alleges that Warden Kiebler oversees HDSP and has a duty to ensure that prisoners are provided with adequate medical care.  ECF No. 1 at 10.  This may be true, but the complaint fails to draw any explicit link between Kiebler and the care plaintiff received.  There is no allegation that Kiebler was directly involved in plaintiff's care and no factual specifics show that the warden knew about the alleged inadequacies in treatment.  Elsewhere, plaintiff alleges that Secretary Allison is responsible for the shortcomings in care because she "provided a physician who does not meet minimum standards of competence of diligence . . . ." *Id.* at 21.  He does not elaborate as to what role, if any, Allison played in hiring Miranda or whether she knew about the particulars of plaintiff's care.  Plaintiff's allegations against Reuter are similar.  *Id.* at 7 (alleging, without elaboration, that Reuter failed to adequately respond to plaintiff's medical needs).

As a final note, plaintiff's complaint, while ultimately intelligible, is difficult to read.  The pages are not divided into paragraphs or subsections, and the twenty-four pages of text follow no obvious method of organization.  If plaintiff does choose to amend, he would be well served by breaking the complaint into discrete sections so that the reader can better understand his allegations.

Plaintiff may either proceed only with the cognizable claims against defendant Miranda identified above or he may delay service and file an amended complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  See Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  See E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no

longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his Eighth Amendment deliberate indifference to medical needs claims against defendant Miranda or delay service and file an amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

Dated:  April 5, 2023                    _____
                                         JEREMY D. PETERSON
                                         UNITED STATES MAGISTRATE JUDGE