UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, | Case No. 2:23-cv-00022-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RAFAEL MIRANDA, *et al.*, | |
| Defendants. | |

On April 24, 2023, I directed service of plaintiff's Eighth Amendment claim that defendant Miranda denied him pain medication. ECF Nos. 8 & 13. On June 9, 2023, plaintiff filed an amended complaint wherein he brought new medical claims against various medical providers, including Miranda. For the reasons stated below, the complaint cannot proceed as currently articulated. In screening this complaint, I will grant defendant Miranda's request for screening. ECF No. 25. Additionally, I will deny plaintiff's request for status, ECF No. 23, and will recommend that his motions for preliminary injunctive relief, ECF Nos. 11 & 16, be denied.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff brings several unrelated medical claims against multiple defendants. First, he alleges that defendant Miranda failed to provide him with physical therapy for his injured neck. ECF No. 20 at 3. He also claims that Miranda denied him reasonable accommodations for this injury, including use of a wheelchair.[1] *Id.* Separately, plaintiff alleges that defendants Reuter and St. Andre failed to provide him with access to substance abuse treatment programs. *Id.* at 5. There does not appear to be any legal or factual relation between these claims. And unrelated claims against multiple defendants belong in separate suits. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff may file an amended complaint that addresses these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

**Request for Status**

Plaintiff filed a request asking if a request to add exhibits to a separate case, 2:22-cv-00737-WBS-EFB, was received. ECF No. 23. Any inquiries related to filings in that case should be addressed on that docket. This request for status is denied.

---

[1] Plaintiff's initial claims relating to pain medication are absent in his amended complaint. To the extent that he did not intend to abandon these claims, he is advised that an amended complaint supersedes its predecessors and any claims that are not restated are lost.

**Motion for Temporary Restraining Order**

Plaintiff seeks a temporary restraining order directing defendant Miranda to stop providing him with medical care and retaliating against him for filing this lawsuit. ECF No. 11 at 2; ECF No. 16 at 1. As an initial matter, he provides no evidence to support these claims. Additionally, to obtain preliminary injunctive relief, a movant must show a likelihood of success on the merits of his claims. S*ee Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Here, plaintiff's operative complaint is deficient and cannot proceed; it is uncertain which, if any, claims will ultimately be at issue in this lawsuit. Plaintiff has failed to show that he is likely to succeed on the merits of any claim.

Accordingly, it is ORDERED that:

1. Plaintiff's request for status, ECF No. 23, is DENIED.

2. Defendant's request for screening, ECF No. 25, is GRANTED.

3. Within thirty days, plaintiff should submit an amended complaint that contains only related claims. If he does not, I will recommend this action be dismissed for failure to prosecute.

4. The Clerk of Court is directed to send plaintiff a § 1983 complaint form and assign a district judge to this case.

Further, it is RECOMMENDED that plaintiff's motions for temporary restraining order, ECF Nos. 11 & 16, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 7, 2023                                                        
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5