1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD ARMENTA,                          Case No.  2:23-cv-0022-DAD-JDP (P)

12                  Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    RAFAEL MIRANDA, *et al.*,

15                  Defendant.

16

17

18          Plaintiff, a pro se prisoner, brings this case against defendants, alleging inadequate

19    medical care in violation of the Eighth Amendment.  ECF No. 34.  Plaintiff now moves this court

20    to issue sanctions against defendants and to enter default judgment in his favor.  ECF No. 57.

21    Defendants oppose.  ECF No. 58.  I recommend that plaintiff's motion be denied.

22                                        **Background**

23          Plaintiff filed his second amended complaint on October 25, 2023.  ECF No. 32.  After

24    screening, ECF No. 34, the district court allowed plaintiff to proceed on his Eighth Amendment

25    claim against defendants Miranda and Reuter, both on the medical staff at his prison, ECF No. 39.

26          On May 6, 2024, following various motions from both parties, defendants moved to

27    revoke plaintiff's *in forma pauperis* ("IFP") status and to stay the responsive pleading deadline

28    pending resolution of the IFP revocation motion.  ECF Nos. 43, 44.  On July 18, 2024, I denied

                                              1

1  defendants' motion to stay as moot and recommended that the district court deny defendant's

2  motion to revoke plaintiff's IFP status.  ECF 51.  I directed defendants to file a responsive

3  pleading within twenty-one days of any order addressing my recommendations.  *Id.* at 2.  On

4  August 15, 2024, the district court adopted my recommendations, ECF No. 52, but defendants

5  failed to file their responsive pleading within twenty-one days, ECF No. 54.  On October 9, 2024,

6  I ordered defendants to file a responsive pleading within fourteen days and warned that failure to

7  do so could result in sanctions and a default judgment in plaintiff's favor.  *Id.*  Within seven days

8  of the October 9 order, defendants filed their answer.  ECF No. 55.

9       Plaintiff now moves for sanctions under Rule 11 and default judgment, arguing that

10  defendants failed to comply with the order instructing them to file a responsive pleading within

11  twenty-one days of the district court's August 15, 2024 order.  ECF No. 57 at 1.  Plaintiff

12  contends both that sanctions are appropriate because he provided adequate notice to defendants

13  that he would be moving for sanctions, and that Rule 55 authorizes default judgment.  *Id.* at 1-2.

14  Plaintiff provides a copy of a letter that he alleges he sent defendants on August 18, 2024.  *Id.* at

15  2.  In this letter, plaintiff informed defendants that the pleading deadline had passed and that if

16  defendants did not file an answer, he would move for default.  *Id.*  Defendants argue that

17  sanctions are inappropriate and note that they filed their answer by the updated deadline.  ECF

18  No. 58.

19                                    **Analysis**

20       Rule 11 of the Federal Rules of Civil Procedure provides that a party may be sanctioned

21  for presenting pleadings "for any improper purpose, such as to harass, cause unnecessary delay,

22  or needlessly increase the cost of litigation," raising frivolous arguments, claims or defenses,

23  making factual contentions with no evidentiary support, or inappropriately denying factual

24  contentions.  Fed. R. Civ. P. 11(b), (c).  Motions for sanctions under Rule 11 "must describe the

25  specific conduct that allegedly violates Rule 11(b)," and must be served on the opposing party at

26  least twenty-one days before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2).  Under

27  Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or

28  otherwise defend against an action.  *See* Fed. R. Civ. P. 55(a).

1      Plaintiff's motion for sanctions should be denied.  Plaintiff takes issue with the

2   defendants' lack of filing a responsive pleading, which is not a sanctionable offense listed in Rule

3   11(b).  *See generally* Fed. R. Civ. P. 11(b).  Moreover, assuming plaintiff did send the above-

4   described letter to defendants, the letter does not specify what conduct plaintiff considered

5   violative of Rule 11(b).  *See generally* Fed. R. Civ. P. 11(c).  Plaintiff is correct that defendants

6   did not comply with the initial pleading deadline, but this court gave defendants an updated

7   deadline and warned them that sanctions could be imposed should they miss that deadline.  ECF

8   No. 54.  Defendants quickly complied, timely filing their responsive pleading within the stated

9   timeframe.  ECF No. 55.  Additionally, plaintiff's motion for default against the defendants

10   should be denied because defendants have filed a responsive pleading and have not failed to

11   otherwise defend this action.  *See* Fed. R. Civ. P. 55(a).

12      Accordingly, it is RECOMMENDED that plaintiff's motion for sanctions and default

13   judgment, ECF No. 57, be DENIED.

14      These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19   objections shall be served and filed within fourteen days after service of the objections.  The

20   parties are advised that failure to file objections within the specified time may waive the right to

21   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

22   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23

24   IT IS SO ORDERED.

25

26   Dated:    February 27, 2025                                    _____

                                                        JEREMY D. PETERSON

27                                                       UNITED STATES MAGISTRATE JUDGE

28