UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ARMENTA,

Plaintiff,

v.

RAFAEL MIRANDA, *et al.*,

Defendants.

Case No.  2:23-cv-0022-DAD-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action under section 1983 alleging that, while he was incarcerated at High Desert State Prison, defendants Rafael Miranda, a physician's assistant, and Kevin Reuter, the chief medical executive, violated his Eighth Amendment rights by denying him adequate medical care.  ECF No. 32 at 3-8.  Defendants have moved for summary judgment, ECF No. 66, plaintiff has filed an opposition, ECF No. 72, and defendants have filed a reply, ECF No. 75.  Plaintiff has also submitted two unauthorized filings opposing the motion for summary judgment, a separate declaration, ECF No. 77, and a sur-reply, ECF No. 78.  The parties have moved to strike each other's pleadings, ECF Nos. 79 & 80, and plaintiff has filed two motions seeking appointment of experts, ECF Nos. 82 & 84, and a motion for appointment of counsel, ECF No. 85.  After review of the pleadings, I find that defendants' motion for summary judgment should be granted.  I will deny all other pending motions.  I decline to strike any pleadings, and,

1

for the reasons stated below, plaintiff is not entitled to the appointment of either an expert witness or counsel.

Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

2

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Background

As I noted in my screening order, plaintiff's operative complaint is difficult to sort out. Ultimately, however, there appear to be three categories of medical care at issue. First, he contends that defendant Miranda delayed prescribing him physical therapy that was recommended by a doctor, thereby causing him back pain and a crooked spine. ECF No. 32 at 3. Second, he contends that Miranda failed to warn him of the potential side-effects of the medication Duloxetine. *Id.* at 4. Third, he alleges that Miranda failed to prescribe him nerve pain medications. *Id.* at 5.

3

With respect to defendant Reuter, plaintiff alleges that, in his supervisory position, Reuter knew of Miranda's inadequate care, but failed to take any action to address it. *Id.* at 8.

Analysis

Defendants are entitled to summary judgment because the evidence submitted with their motion indicates that the medical care provided to plaintiff by Miranda was adequate. I begin by noting that a successful Eighth Amendment claim for inadequate medical care requires a showing of deliberate indifference. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"). Deliberate indifference is more than negligent care. Instead, a claimant must show that the defendant knew of and disregarded an excessive risk to his health and safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

A.      Back Care

Medical records provided by defendants indicate that, in July 2018, Dr. Griffin (a non-defendant) reviewed plaintiff's spinal MRI and discharged him from a rehabilitation clinic with a notation that "[n]eck range of motion exercises be beneficial." ECF Nos. 66-1 at 4, 28. Importantly, the MRI was unremarkable and did not indicate any serious spinal abnormalities. *Id.* at 25. Dr. Feinberg, a physician employed by California Correctional Health Care Services as Chief Medical Consultant, opines that this notation was not, as plaintiff believes, a recommendation for physical therapy; if Dr. Griffin had wanted plaintiff referred to physical therapy he would have, in Dr. Feinberg's opinion, explicitly indicated as much. *Id.* at 4-5. Rather, it was a recommendation that plaintiff undertake a regimen of neck exercises that he could perform on his own. *Id.* at 4. And later imaging of plaintiff's back does not indicate that it worsened in a dramatic way, rather the images were consistent with "natural degenerative development." ECF No. 66-8 at 9-10. Based on these records, I conclude that defendant Miranda's care for plaintiff's back was not deliberately indifferent. In so finding, I necessarily find that defendant Reuter was not deliberately indifferent in failing to intervene in Miranda's care.

4

B.       Prescription of Duloxetine

Plaintiff's claim that defendant Miranda failed to warn him about the side effects of Duloxetine is contradicted by the record.  In treatment notes dated February 18, 2022, Miranda states that the plan to start Duloxetine, including potential side effects, was discussed with plaintiff.  ECF No. 66-1 at 94-95.  Dr. Feinberg also opines that the low risk of bleeding carried by Duloxetine would only have been an issue if plaintiff were otherwise at a higher risk for bleeding, which he was not.  *Id.* at 9.  In any event, even if Miranda did fail to adequately advise plaintiff of the risk carried by this medication, plaintiff does not appear to have been harmed by that failure.  Treatment notes from February 25, 2022, show that non-defendant Dr. Davis found plaintiff to be "[w]ell appearing, in no distress."  *Id.* at 100.  The treatment notes make no mention of bleeding.  Dr. Davis did note that Duloxetine might not be an optimal medication because of plaintiff's upcoming surgery, *id.* at 99, and gave plaintiff information about "risks of diversion medication including discontinuation of medication [and] . . . [a]ny side of the effects of the new medication . . ."  *Id.* at 102-03.  The treatment notes specifically document the possible side effects of Duloxetine.  *Id.* at 106.  Thus, assuming Miranda failed to adequately warn plaintiff of the side effects, plaintiff does not appear to have suffered those issues, and that failure was remedied at his encounter with Dr. Davis a week later.

As before, there is no indication that Reuter was personally involved in the advisement of medication side effects, and, to the extent it is alleged that he failed to adequately supervise Miranda or intercede to stop his inadequate care, that claim fails because Miranda was not deliberately indifferent to plaintiff's medical needs.

C.       Failure to Prescribe Nerve Pain Medication

The record shows that defendant Miranda's decision not to prescribe plaintiff Gabapentin or Lyrica was reasonable and not deliberately indifferent.  A California Correctional Health Services memorandum attached to defendants' motion for summary judgment states that gabapentin misuse is common, as are fatalities related to that abuse.  ECF No. 66-2 at 109.  Additionally, Dr. Feinberg opines that plaintiff had not been diagnosed with issues for which the prescription of Gabapentin or Lyrica was appropriate.  ECF No. 66-1 at 14.  Other provider notes

agree.  In January 2022, a provider named Mitrevolis informed plaintiff that taking Lyrica could increase his risk of overdose.  ECF No. 66-1 at 47.  In February 2022, a polypharmacy consultation note from non-defendant Dr. Richard Gray Jr. opined that gabapentin was an inappropriate and overly risky prescription for plaintiff.  ECF No. 66-1 at 88.  In the face of these provider notes and, absent any medical records indicating contrary findings, I conclude that Miranda was not deliberately indifferent in failing to prescribe either medication.

Plaintiff's allegation that defendant Reuter violated his rights by approving his tapering or discontinuation of these medications fails for the same reasons.[1]

D.    Plaintiff's Oppositional Documents

I have reviewed plaintiff's oppositional documents, and find that nothing therein gives rise to a genuine issue of material fact.  The documents consist primarily of plaintiff's own unsubstantiated claims about his medical care, which are insufficient to defeat summary judgment.  *See Tripp v. Clark Cnty.*, No. 2:17-CV-1964 JCM (BNW), 2023 U.S. Dist. LEXIS 29098, *11 (D. Nev. Feb. 22, 2023) ("That plaintiff, in his layman's opinion, 'disputes' that defendants complied with the standard of care is of no import. Plaintiff does not provide any evidence controverting defendants' expert and establishing that there was, or even could have been, a breach of the standard of care.").  And plaintiff's contention that the court should strike or disregard Dr. Feinberg's declaration is frivolous, insofar as he offers no legal basis for doing so.

E.    Ancillary Motions

The parties' motions to strike, ECF Nos. 79 & 80, are denied.  I have considered all of the pleadings, including plaintiff's unauthorized filings, and find that defendants are entitled to summary judgment.  There is no need to consider whether to strike plaintiff's filings, and plaintiff has failed to provide an adequate basis for striking defendants' reply.

Plaintiff's motions to appoint a medical expert and to appoint counsel, ECF Nos. 82, 84, & 85, are denied.  He is not entitled to the appointment of a medical expert at the court's expense.

[1] Additionally, any claim that Reuter erred in handling plaintiff's medical care grievances does not implicate any constitutional violation.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

6

*See Fregia v. Yucui Chen*, No. 1:20-cv-01024-KES-EPG (PC), 2025 U.S. Dist. LEXIS 153683, *4 (E.D. Cal. Aug. 8, 2025) ("Rule 706(a), however, does not contemplate the appointment of an expert to assist one party to the detriment of the other side.  Moreover, a party is not entitled to a court-appointed expert.").  And, given that plaintiff is not entitled to the appointment of counsel in a civil action, it makes little sense to ask for volunteer counsel, a process that often takes months to finalize, when the court has already determined that defendants are entitled to summary judgment.

Conclusion

It is ORDERED that:

1.      The parties' motions to strike, ECF Nos. 79 & 80, are DENIED.

2.      Plaintiff's motions for appointment of an expert and counsel, ECF Nos. 82, 84, & 85, are DENIED.

Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No. 66, be GRANTED and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE