UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ARMENTA,

Plaintiff,

v.

RAFAEL MIRANDA, *et al.*,

Defendants.

No. 2:23-cv-00022-DAD-JDP P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(Doc. Nos. 66, 87)

Plaintiff Richard Armenta is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to for summary judgment (Doc. No. 66) be granted. (Doc. No. 87.) Specifically, the magistrate judge concluded that the undisputed evidence before the court on summary judgment demonstrated that neither defendant physician's assistant Miranda nor defendant chief medical executive Reuter were deliberately indifferent to plaintiff's serious medical needs. (*Id.* at 1, 3–6.) Rather, the magistrate judge found that the undisputed evidence established that defendant Miranda was not deliberately indifferent to plaintiff's serious medical needs with respect to plaintiff's back condition, the purported failure to warn plaintiff

about the side effects of Duloxetine, and decision not to prescribe plaintiff Gabapentin or Lyrica as plaintiff desired, failed to establish defendant's. (*Id.*) In light of this finding, the magistrate judge also concluded that defendant Reuter was entitled to summary judgment in his favor with respect to plaintiff's claim that he had failed to adequately supervise Miranda or interceded in plaintiff's medical care. (*Id.* at 5.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) On May 26, 2026, the court received plaintiff's objections to the pending findings and recommendations. (Doc. No. 88.) On June 4, 2026, defendants filed a response to plaintiff's objections. On June 30, 2026, the court received an unauthorized reply to defendants' response from plaintiff (Doc. No. 91), which the court has nonetheless considered.

In his objections plaintiff primarily repeats the arguments that have were adequately and correctly addressed in the pending findings and recommendation. In particular, plaintiff appears to argue that defendants' motion for summary judgment should be denied because other medical professionals had prescribed or recommended Gabapentin and Lyrica for him but that defendant Miranda disagreed and did not provide him with those medications. However, it is well-established that a difference of medical opinion between medical professionals does not give rise to a constitutional violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir.2004) ("Dr. Tackett's contrary view was a difference of medical opinion, which cannot support a claim of deliberate indifference."); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (difference of opinion between medical personnel regarding the need for surgery does not amount to deliberate indifference to a prisoner's serious medical needs); *Samonte v. Bauman*, No. 06–16607, 2008 WL 176462 (9th Cir. Jan. 18, 2008) (a difference of medical opinion is insufficient by itself to raise a triable issue of deliberate indifference.) Here, plaintiff presented no evidence on summary judgment or in his objections that the course of treatment pursued by defendants in his case, both as to the medications prescribed and otherwise, was medically unacceptable under the circumstances.

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on April 23, 2026 (Doc. No. 87) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 66) is granted; and
3. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE